Filed 11/8/22  P. v. Lyons CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B315379 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA092829) |
| v. | |
| ANDRE LYONS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Hayden A. Zacky, Judge.  Affirmed.

Richard B. Lennon and Anna Rea, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In an information filed by the Los Angeles County District Attorney's Office, defendant and appellant Andre Lyons was charged with fleeing a pursuing peace officer while driving recklessly (Veh. Code, § 2800.2) and hit and run driving resulting in injury to another person (Veh. Code, § 20001, subd. (b)(1)). A jury convicted him of both counts, and he was sentenced to two years eight months in state prison. Defendant appeals arguing that the trial court erred in denying his request for an instruction that voluntary intoxication can prevent a defendant from forming the specific intent to evade the police.

We affirm. Because there was no evidence that defendant was intoxicated, much less that any intoxication affected his ability to form the requisite specific intent, we conclude that the trial court did not err.

## FACTUAL BACKGROUND

On May 6, 2019, after receiving a report of a crime, Los Angeles Police Department (LAPD) Officer Brent Lamoureux noticed defendant's car at a stop sign. Officer Lamoureux activated his overhead lights and stopped the car because it matched the location and description in the report. Officer Lamoureux walked up to the driver's side window and spoke to the driver (defendant). Defendant's face looked like he had been in a fight. He had redness around his eyes and scratches, and he was not speaking coherently. Officer Lamoureux ordered defendant to stop and get out of his car. Defendant did not comply. He spoke with Officer Lamoureux for about 45 seconds. During this time, another patrol car approached without blocking defendant's car.

When ordered to get out of his car, defendant said that he was injured and innocent. Defendant asked the two officers if

2

they were "LAPD officer[s]." Defendant was told "[y]es." Defendant asked the officers numerous questions about why he was stopped, whether he was free to go, and whether he was being arrested. In response, the officers repeatedly told him he was being detained and that he was not free to go. At one point, defendant said "[d]on't shoot me." The officers told him that he was not going to be shot and that the officers wanted to hear his side of the story. Just as another patrol car tried to impede defendant's escape route, he quickly drove away while saying, "I don't have a story; am I being detained? Shoot me." Based on his observations, Officer Lamoureuz believed that it was "possible" that defendant was under the influence of drugs or alcohol.

Officers chased after defendant's car with lights and sirens activated. During the chase, after running several red lights and stop signs, defendant collided with another car. The other car flipped over a few times and the driver sustained injuries. Defendant was stopped after he turned onto a cul-de-sac and a patrol car performed a "pit maneuver" that caused defendant to lose control of his car. Defendant was taken into custody.

## DISCUSSION

### I. *Relevant proceedings*

During trial, defendant requested an instruction regarding voluntary intoxication (CALCRIM No. 3426) because it was unclear what had caused him to appear injured or intoxicated. Citing *People v. Williams* (1997) 16 Cal.4th 635 (*Williams*) and *People v. Roldan* (2005) 35 Cal.4th 646, disapproved on other grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22, the prosecutor argued there was insufficient evidence that defendant was intoxicated or that any intoxication altered his ability to form specific intent. Defense counsel conceded that there was no

3

evidence regarding when or what intoxicants defendant consumed, but argued that his appearance and demeanor were evidence of intoxication. The prosecutor countered that even assuming some intoxication, it did not alter his ability to form the specific intent to evade the police. The prosecutor pointed out that defendant was able to speak with the officers before negotiating a five-minute high-speed chase going around civilian vehicles and avoiding police vehicles.

The trial court ruled there was insufficient evidence to warrant the requested instructions and denied defendant's request for a voluntary intoxication instruction.

II. *Relevant law*

Evading an officer with willful disregard requires proof of specific intent to evade a pursuing officer. (Veh. Code, § 2800.1, subd. (a) ["Any person who, while operating a motor vehicle and with the intent to evade, willfully flees or otherwise attempts to elude a pursuing peace officer's motor vehicle, is guilty . . . "].) Where a specific intent crime is charged, evidence of voluntary intoxication may be admissible for evaluating whether the defendant actually formed the requisite specific intent. (*People v. Horton* (1995) 11 Cal.4th 1068, 1118–1119 (*Horton*); Pen. Code, § 29.4, sub. (b).) However, an instruction on voluntary intoxication should not be given unless supported by substantial evidence that the defendant was intoxicated to the extent it actually affected his ability to form the requisite specific intent. (*Williams, supra,* 16 Cal.4th at p. 677, citing *Horton, supra,* 11 Cal.4th at p. 1119; *People v. Roldan, supra,* 35 Cal.4th at p. 715.)

"In determining whether the evidence is sufficient to warrant a jury instruction, the trial court does not determine the

credibility of the defense evidence, but only whether 'there was evidence which, if believed by the jury, was sufficient to raise a reasonable doubt.'" (*People v. Salas* (2006) 37 Cal.4th 967, 982.)

The California Supreme Court has identified four "interrelated ways" to determine if a defendant is intoxicated: (1) eyewitness testimony about a defendant's behavior; (2) expert testimony on the predictable pharmacological effects of the ingested substance; (3) evidence of the defendant's consumption of inordinate quantities of the intoxicating substance; and (4) the common knowledge of jurors of the effect of the intoxicants. (*People v. Kaurish* (1990) 52 Cal.3d 648, 696.)

As the parties agree, we review claims of instructional error de novo. (*People v. Posey* (2004) 32 Cal.4th 193, 218.)

III. *Analysis*

Applying these legal principles, we conclude that the trial court did not err. At trial, an LAPD officer testified that defendant looked like he had been in a fight, that he had some trouble saying certain words, that his demeanor was "bizarre," and that it was "possible" that defendant was intoxicated. However, there was no evidence that defendant had actually consumed any alcohol or other intoxicating substances, nor was there evidence about when, what, or how much he consumed. There was no expert testimony about the predictable pharmacological effects of any intoxicants. And, defendant failed to present any eyewitnesses to his actions before the police stop. Thus, there was no substantial evidence that defendant was in fact voluntarily intoxicated. It follows that the trial court properly denied his request for a voluntary intoxication instruction.

5

Even if the officer's testimony amounted to substantial evidence that defendant was voluntarily intoxicated, the trial court properly refused the requested instruction because there was no substantial evidence that the intoxication actually affected defendant's ability to form the specific intent to evade the police. Rather, the evidence showed that defendant was well-aware that he was evading police officers. After all, he had just identified them as LAPD officers at the traffic stop. He repeatedly asked if he was under arrest, further showing that he knew he was speaking to police officers. And, he sped away only after it was apparent that the police were attempting to impede his ability to drive away so that he could be arrested.

Moreover, multiple police cars with activated lights and sirens pursued defendant. He persisted in trying to flee the police even after he collided with another motorist. In fact, defendant did not cease fleeing until he was physically stopped. Under these circumstances, the trial court properly refused the request for a voluntary intoxication instruction. (*Williams*, *supra*, 16 Cal.4th at pp. 677–678 ["[a]ssuming this scant evidence of defendant's voluntary intoxication would qualify as 'substantial,' there was no evidence at all that voluntary intoxication had any effect on defendant's ability to formulate intent"].)

In light of this conclusion, we reject defendant's contention, raised for the first time on appeal, that the denial of the voluntary intoxication instruction deprived him of his constitutional right to present a defense.

IV. *Harmless error*

Even if the trial court had erred in failing to instruct on voluntary intoxication, which it did not, any such error was

harmless.  Contrary to defendant's erroneous assertion,[1] the failure to instruct on intoxication is "subject to the usual standard for state law error: 'the court must reverse only if it also finds a reasonable probability the error affected the verdict adversely to defendant.' [Citation.]" (*People v. Mendoza* (1998) 18 Cal.4th 1114, 1134–1135; see also *People v. Pearson* (2012) 53 Cal.4th 306, 325 & fn. 9 [failing to give voluntary intoxication instruction did not deprive the defendant of federal constitutional rights].)  As discussed above, there was little, if any, evidence defendant was in fact intoxicated, and no evidence that any alleged intoxication affected his ability to form the intent to evade the police.  To the contrary, the evidence showed that defendant was aware that he was being detained by law enforcement and specifically intended to evade the police and avoid arrest.  For these reasons, it is not reasonably probable that, had the instruction been given, the jury would have found that involuntary intoxication negated his intent to evade the police. (*People v. Covarrubias* (2016) 1 Cal.5th 838, 898–899; *People v. Jandres* (2014) 226 Cal.App.4th 340, 359.)

---

[1]  Even under the more stringent standard set forth in *Chapman v. California* (1967) 386 U.S. 18, 23–24, defendant has failed to demonstrate prejudice.

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.
HOFFSTADT

8